COOK *et al.* v. SHEEHAN *et al.*

1. Plaintiffs sold defendants 5,000 cigars by sample, 1,000 of which were shipped immediately, and the remaining 4,000 in a few months. Held that, in an action for the price of the 4,000 shipment, evidence that the 1,000 shipment was not equal to the sample was not admissible, in the absence of proof that the latter shipment was similar in quality to the former.

(Opinion filed July 2, 1902)

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

Action by Seelye A. Cook and others against John Sheehan and others to recover for goods and merchandise alleged to have been sold and delivered to defendants. From a judgment for defendant, plaintiff's appeal. Reversed.

*W. F. Mason,* for appellants.
*John H. Perry,* for respondents.

CORSON, J. This is an action to recover the purchase price of 4,000 Bigelow cigars and 10 dining chairs alleged to have been sold by the plaintiffs to the defendants at the agreed price of $140. The defendants delivered to the agent of the plaintiffs a written order, bearing date of October 17, 1899, for said cigars and chairs, at the price named, for December shipment. Said order was received by the plaintiffs, and they shipped the cigars and chairs to the defendants f. o. b. at Medina, N. Y., December 11, 1899. On the same day that order was given, the defendants gave the same agent a similar order for 1,000 of the same brand for immediate shipment. Said 1,000 were shipped and received by defendants some time

in the month of November, 1899, and retained by them and kept on sale. Said sale was made by samples of Bigelow cigars and sample chairs carried by said agent. There was correspondence between the parties by letter in regard to the purchase and sale of these cigars, but in the view we take of the case, it will not be necessary to reproduce it in this opinion. On the trial the plaintiffs gave evidence tending to prove that the cigars shipped were equal to the sample in quality, but the defendants offered no evidence as to the quality and condition of the 4,000 cigars shipped under the December order. The defendants did introduce evidence, however, over the plaintiff's objection, tending to prove that the 1,000 ordered the same day through plaintiffs' agent, and by the same sample, and under the same representations, were of a very poor quality, and much inferior to the sample.

It is contended on the part of the plaintiffs and appellants that the evidence was inadmissible; that the issue raised by the pleadings was as to whether or not the cigars shipped in December corresponded with the sample, and that issue could only be determined by proof of the quality and condition of the cigars so shipped. It is insisted by the respondents that the 1,000 ordered as before stated were of the same brand, sold by the same sample, and under the same representations as the 4,000 in controversy in this action, and the evidence was therefore properly admitted. We are of the opinion that the contention of the appellants should have been sustained, and that the evidence as to the quality of the 1,000 was improperly admitted. The 1,000 order so received must be regarded as a separate order, which was shipped at an earlier date. The fact, therefore, that the 1,000 ordered did not correspond with the sam-

ple constituted no evidence tending to prove that the cigars in controversy were not of a quality equal to the sample. The jury could not determine from the evidence in this case whether the December shipment was or was not inferior to the quality of the sample. There is nothing in the record showing that they were made from the same quality of tobacco as that from which the November shipment was made, or that they were manufactured by the same workmen, and the jury therefore had no evidence before them upon which they could find a verdict that the cigars shipped in December were inferior to the sample. The cases cited by respondents in support of the theory of the defendants that, because the 1,000 shipped in November were inferior to the sample, therefore this evidence tended to prove that the December shipment was inferior, do not sustain their contention. The case of Remy v. Olds (Cal.) 34 Pac. 218. is an entirely different case. In that case an action was brought for the breach of a contract to furnish water for irrigation, whereby a large number of grape cuttings planted by the plaintiff died. The testimony of the witness for the defendant that witness procured 15,000 cuttings from the lot from which the plaintiff procured his, planted and watered them carefully, and yet nearly all of them died, though it relates to a collateral matter, is relevant, as tending to prove a fact from which it could be inferred that the loss of the plaintiff's vines was not caused by the defendant's failure to furnish water. It will be noticed that the grape cuttings testified to by the witness were taken from the same lot as those purchased by the plaintiff in that action. The case of Viette v. Nesbitt, 22 Nev. 390, 41 Pac. 153, is quite similar to the California case before referred to. In the latter case, evidence ad-

mitted to prove the amount of moisture in certain ores which were taken from the same ore body from which the ore in controversy had been taken, though belonging to another owner, was held admissible. In that case it will be noticed that the ore in regard to which the evidence was admitted was a part of the same ore body. and therefore presumptively of a similar character, but evidence that the ore had been taken from another body would not have been admissible. In the case at bar, had it been proven that the 1,000 cigars shipped in November had been taken from the same lot from which the 4,000 were taken which were shipped in December, evidence of the quality of the 1,000 might have been admissible. But as before stated, there was not a scintilla of evidence tending to prove that the 1,000 lot received by the defendants were a part of the same lot shipped by the plaintiffs in December, or in any respect similar, except in the name of "Bigelow Cigars." For ought that is disclosed by the record in this case, the 4,000 may have been manufactured of an entirely superior quality of tobacco, and of a much better grade, than that from which the 1,000 were made. We are of the opinion, therefore, that the learned circuit court erred in admitting the evidence as to the quality of the 1,000 cigars over the objection of the plaintiffs; and for this error the judgment of the court below must be reversed, and a new trial granted.

As the questions involved in the other assignments of error will not necessarily arise on another trial, we do not deem it necessary to consider them on this appeal.

The judgment of the circuit court and order denying a new trial are reversed, and a new trial granted.