## CEDAR RAPIDS NAT. BANK v. BASHARA.

No. 3205.    Opinion Filed October 14, 1913.

(135 Pac. 1051.)

1.    **BILLS AND NOTES**—Indorsement—Presumption. In the absence of proof to the contrary, the presumption is that an undated indorsement, transferring a negotiable instrument, was made prior to the maturity of the instrument.

2.    **APPEAL AND ERROR**—Verdict—Evidence. Inferences of fact are to be deduced by the jury whenever there is evidence from which an existence of facts sufficient to support a verdict may be inferred. But a verdict which is altogether unsupported by evidence, or against the uncontradicted evidence and every legitimate inference deducible therefrom, will not be upheld.

3.    **BILLS AND NOTES**—Negotiable Instruments — Defenses. The general rule may be said to be that, when a person executes a negotiable instrument fair on its face with nothing to indicate defects, possible defenses or equities in his favor, he does so with the knowledge that it will pass current in the market, and may fall into the hands of an innocent purchaser. The maker takes this risk; and if it does so pass in the regular course of business, before maturity for value, into the hands of a person who takes it in good faith without knowledge of defects, imperfections, or defenses that may be urged against its payment, the maker is liable to such innocent holder, no matter what defenses he might have as between himself and the original payee.

(Syllabus by Brewer, C.)

*Error from County Court, Grady County;*
*N. M. Williams, Judge.*

Action by the Cedar Rapids National Bank against C. A. Bashara. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*A. L. Herr,* for plaintiff in error.

*J. W. Bartholomew,* for defendant in error.

Opinion by BREWER, C.   This is a suit on three bills of exchange accepted by the defendant, Bashara, and amounting in the aggregate to $53. The bills were drawn by the Sterling Manufacturing Company, on Bashara, and by their terms were

payable respectively in eight, ten, and twelve months after sight. They were dated February 27, 1909, and represented part of a series of six bills covering the price of a shipment of merchandise. Plaintiff alleged that it was a purchaser for value before maturity of the bills of exchange or "acceptances" as they are called. The defendant alleged for defense that plaintiff did not purchase the bills before maturity and for value, but held the same merely for collection, and had full knowledge of their imperfections, and that a valid defense existed against their payment, and that they were without consideration. The court, after hearing the evidence, submitted the two questions raised to the jury, which brought in a general verdict in favor of defendant. Hence this appeal.

Unless there was some evidence to show that the plaintiff bank was not an innocent purchaser of the bills of exchange before maturity and in good faith, there will be no occasion to examine into the defenses offered against the obligations which defendant admits that he executed. So we will determine that question at the start. The bills of exchange or acceptances were transferred to the plaintiff by an undated indorsement of payee. The cashier of the bank, however, testified that the bank bought and obtained the transfers of the obligations on April 3, 1909, before either of them became due. In such case the presumption is that the indorsement was prior to maturity.

"Except where an indorsement bears date after the maturity of the instrument, every negotiation is deemed *prima facie* to have been effected before the instrument was overdue." (Comp. Laws 1909, sec. 4480 [Rev. Laws 1910, sec. 4096]).

Besides, the uncontradicted evidence shows this negotiation to have been made prior to maturity. The defendant in error has not called our attention to any specific evidence in the record which he claims tends to disprove this fact, except that defendant had testified that plaintiff had not notified him of the purchase of the paper, and that he had sent checks to the manufacturing company, the payee of the bills, after the date of their alleged assignment, and the payments had been received and the paid bills returned to him by that company. These checks

of defendant are in evidence. Are these facts inconsistent, or can any inference of fact be legitimately drawn from them, inconsistent with the claim of "good faith" and "innocent purchaser" established by the evidence? The rule is well stated in *Reed Grocery Co. v. Miller,* 36 Okla. 134, 128 Pac. 271, thus:

"Inferences of fact are to be deduced by the jury whenever there is evidence from which an existence of facts sufficient to support a verdict may be inferred. But a verdict, which is altogether unsupported by evidence, or against the uncontradicted evidence and every legitimate inference deducible therefrom, will not be upheld."

If defendant had merely shown that he sent the money to the manufacturing company and they received it and returned his obligations, and this after the date of the alleged transfer, it might be possible that some inference might arise inconsistent with the claim that at that time the plaintiff bank was the owner. But defendant, in introducing the paid checks he had sent, proved too much; for the indorsements on each of them show they were delivered over to the plaintiff bank, the holder of the obligations they were to discharge. The money is thus traced into the hands of the party the proof shows to have been the owner and holder of the obligations. Therefore this fact is not in the slightest way inconsistent with the position and uncontradicted evidence that the plaintiff was an innocent purchaser in good faith for value, before maturity, and without notice of defects or defenses as between the drawer and acceptor of these obligations.

The general rule may be said to be that, when a person executes a negotiable instrument fair on its face with nothing to indicate defects, possible defenses, or equities in his favor, he does so with the knowledge that it will pass current in the market, and may fall into the hands of an innocent purchaser. The maker takes this risk; and if it does so pass in the regular course of business, before maturity for value, into the hands of a person who takes it in good faith without knowledge of defects, imperfections, or defenses that may be urged against its payment, the maker is liable to such

innocent holder, no matter what defenses he might have as between himself and the original payee. Comp. Laws 1909, sec. 4486 (Rev. Laws 1910, sec. 4102) ; 1 Daniel's Neg. Inst. 775.

There being no evidence tending to prove the defense set up in this case, there was no question of fact to submit to the jury.

The case should be reversed and remanded for a new trial. By the Court:   It is so ordered.