## MILLER v. WOOD.

No. 6561.   Opinion Filed February 8, 1916.

Rehearing Denied March 21, 1916.

Second Application for Rehearing Denied April 11, 1916.

(155 Pac. 1178.)

**LANDLORD AND TENANT—Title of Landlord and Tenant—Estoppel of Tenant.** A tenant, while remaining in possession, even after the expiration of his term, is precluded, on the doctrine of estoppel, from either setting up an adverse title to defeat an action of ejectment, or, without first surrendering possession, making a contest with his landlord over the title held by him at the time of securing the right of entry.

(Syllabus by Brewer, C.)

*Error from County Court, Marshall County;*
*J. I. Henshaw, Judge.*

Action by S. G. Wood against P. W. Miller.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*George E. Rider* and *E. S. Hurt,* for plaintiff in error.

*Kennamer & Coakley,* for defendant in error.

Opinion by BREWER, C.   This suit was brought by S. G. Wood, as plaintiff below, in a justice of the peace court of Marshall county, against the plaintiff in error, Miller, for possession of certain farming lands. The pleadings were not drawn with that formality and care that would be expected if filed in a court of record; but, under the liberal rule of construction of such pleadings in an inferior court, we consider them sufficient.

It appears from the record that Wood, who was in possession of the lands, rented the same to Miller for the year 1912, and that Miller farmed said lands for that year,

but refused to vacate after the expiration of the term of his tenancy, which occurred on December 31, 1912, but repudiated his contract of tenancy and claimed the right to remain on the premises, under another contract he had made with other parties, who claimed the right of possession or title to the lands. Plaintiff gave defendant three days' notice required by law to vacate and surrender up the premises; and on January 3, 1913, defendant having failed to surrender possession, this suit was brought. A trial was had in the justice court which resulted in favor of plaintiff, and defendant appealed to the county court, where he filed a lengthy answer, in which he sought to attack his landlord's title and right to possession of the premises, by setting up an outstanding title in others, under whom he claimed that he had made a contract of tenancy about the time his tenancy with his former landlord had expired. The county court found the issues for plaintiff and awarded restitution of the lands. From this judgment, defendant below brings this proceeding in error.

The brief of plaintiff in error is devoted principally to an attack on the execution and legality of a lease under which Wood, plaintiff below, was holding the land when he rented same to Miller; it being claimed that such lease was illegal. The truth of the matter is that certain other lessees undertook to have determined the question of the validity of different leases, executed by the owner of these lands to different parties, and to do so in this suit, brought against Miller, who was confessedly the tenant of Wood, and who, at the time of suit, was holding over after his term of tenancy had expired, without having surrendered possession to his landlord. This he had no right to do. He had gone into possession under Wood as his tenant,

and had farmed the lands for the year 1912, in peace and quiet, and he will not be heard, after the expiration of his term, without having surrendered possession, to deny the title of his landlord. This law is elementary and needs no reasoning in support of its soundness.

In *Larney v. Aldridge,* 31 Okla. 447, 122 Pac. 151, it is held:

"A tenant, while remaining in possession, even after the expiration of his term, is precluded, on the doctrine of estoppel, from either setting up an adverse title to defeat an action of ejectment, or without first surrendering possession, making a contest with his landlord over the title held by him at the time of securing the right of entry."

See, also, *Welchi v. Johnson,* 27 Okla. 518, 112 Pac. 989.

Plaintiff in error complains that it is not clearly shown that notice to vacate the premises was given. We do not think this claim is well founded. The evidence, by the testimony of plaintiff below, and also of a man who served the notice, is positive and certain that such notice was given more than three days before the bringing of the suit, as required by law; and it is not denied by defendant. It fully appears that there was no contention made in the court below that the notice was not given, or that it was insufficient, and that this point is first made here. We do not undertake to pass upon the question of the title to this land, or which of the various leases mentioned in the record is valid. These questions must be determined in a proper court—one provided for settling this class of disputes. All that we determine here, and all that the trial court determined, was that plaintiff in error had gone into possession of the lands as the tenant of defendant in error,

held over beyond his term, and would not surrender possession as he ought to have done; and that, in this situation, he is estopped from denying or questioning the title of the man under whose authority he entered and enjoyed the possession, without having first surrendered that possession back to the person from whence it came.

This cause should be affirmed.

By the Court: It is so ordered.