## SNOUFFER v. FIRST NAT. BANK OF MEDFORD.

No. 10748—Opinion Filed May 30, 1922.

(Syllabus.)

### 1. Trial—Refusal of Instruction Covered in Charge.

It is not error to refuse a requested instruction that correctly states the law, if substantially the same instruction is embodied in the charge of the court to the jury, and the instructions as a whole correctly state the law applicable to the facts in the case.

### 2. Same—Refusal of Instruction on Weight of Evidence.

It is not error to refuse a requested instruction which calls the attention of the jury to particular facts in the evidence, or the inference that may be drawn therefrom, in such a manner as to amount to an intimation of the court's opinion as to the weight of the evidence.

### 3. Bills and Notes — Defenses — Innocent Purchasers.

The general rule may be said to be that, when a person executes a negotiable instrument fair on its face with nothing to indicate defects, possible defenses, or equities in his favor, he does so with the knowledge that it will pass current in the market, and may fall into the hands of an innocent purchaser. The maker takes this risk; and if it does so pass in the regular course of business, before maturity for value, into the hands of a person who takes it in good faith without knowledge of defects, imperfections, or defenses that may be urged against its payment, the maker is liable to such innocent holder, no matter what defenses he might have as between himself and the original, payee.

### 4. Appeal and Error—Review—Sufficiency of Instructions and Evidence.

When the instructions, taken as a whole, fairly and clearly state the law applicable to the case, and there is sufficient evidence to support the verdict of the jury, the judgment will not be reversed on appeal.

Error from District Court, Grant County; J. W. Bird, Judge.

Action by the First National Bank of Medford against A. T. Snouffer on promissory note. Judgment for plaintiff, and defendant brings error. Affirmed.

S. B. Amidon, D. M. Dale, S. A. Buckland, H. W. Hart, and Glenn Porter, for plaintiff in error.

E. H. Breeden, for defendant in error.

McNEILL, J. The First National Bank of Medford commenced this action against A. T. Snouffer to recover judgment on a promissory note executed by Snouffer to M. M. Wilford dated the 21st day of August, 1917, which note was purchased by the plaintiff before maturity in due course and for a good and valuable consideration. The defendant filed an answer and an amended answer. The amended answer denied the execution of the note and pleaded that the note was obtained by Wilford by fraud, and alleged that Wilford offered to sell the defendant 50 shares of stock in the Dixie Engineering Company at $20 per share and deliver 50 additional shares of stock free, making 100 shares of stock for the sum of $1,000. It was alleged that Wilford represented that the Dixie Engineering Company had a large plant and was a large manufacturing concern at Enid, Okla., manufacturing farm electric light plants. It was further alleged that Wilford also agreed to install a light plant within 30 days as a part of the consideration. It was further alleged that at the time of executing the note Wilford executed a written agreement whereby he agreed to sell 50 shares of stock at $20 per share within six months, and if not, to return the note, and it is alleged that all the statements and representations made by Wilford were false, fraudulent, and untrue, that defendant relied upon said representations, and that Wilford had never installed the light plant and the consideration failed. With the issues thus framed, the cause was submitted to the jury, and the jury returned a verdict in favor of the plaintiff. From said judgment the defendant has appealed.

The material facts are substantially as follows: The Dixie Engineering Company purported to be a manufacturer of electric light plants for farm and rural use, and was located at Enid. The company had never manufactured but one plant and Wilford was an agent for the company. It is also uncontradicted that the stock was worthless. Wilford went into the bank and asked the cashier regarding the financial standing of Mr. Snouffer, and was advised that it was good. He then went to Snouffer's home and secured the note and agreed to put up an electric light plant and gave a contract to Snouffer reciting that he was selling 50 shares of stock in the corporation, and as a special inducement agreed when this stock was selling at $20 per share and before six months he agreed to sell 50 shares at $20 per share. On the bottom of the contract is written that if the stock is not selling at $20 per share before the note is due, the same will be returned. Wilford took the note to the bank, the cashier was out clerking a sale, and Wilford went to the

cashier and negotiated the note, discounting it five per cent., and received a draft for $950. No light plant was ever put up and the note became due. The defendant was notified, and he refused to pay the note, and this suit was brought.

The defendant, for reversal, assigns numerous assignments of error regarding the instructions of the court. The trial court gave 17 separate and distinct instructions.

It is first contended the court erred in refusing to give instruction No. 1, requested by the defendant. This instruction was very lengthy. It first advised the jury of the law as announced in section 4105, Rev. Laws 1910, and then advised the jury, in substance, of the representations that were made by Wilford to Snouffer, and if Snouffer relied upon said statements, and the statements were false and untrue, the note was obtained by fraud, and if Wilford owned the note, he could not recover if they believed the note was obtained fraudulently. The requested instruction then recited the fact that the bank claimed to have purchased the note before due and claimed to be a holder in due course. The instruction then recited that if the plaintiff purchased the note in good faith without any notice of fraud practiced upon the defendant or without any notice of defect of title of Wilford, and without any notice of the agreement of Wilford not to negotiate the note, then defense of fraud could not be made against the plaintiff. The instruction then advised the jury what constitutes a purchaser in good faith as provided in section 4106, Rev. Laws 1910. The requested instruction then advised the jury that if the bank had any notice of any infirmity of the instrument or defect of title, or the bank purchased the note in bad faith, then the plaintiff could not recover, provided they found the note was obtained by fraud. The requested instruction then recited that the notice may be of two kinds, first, actual, second, notice of facts and circumstances that would amount to bad faith on the bank; and if the bank purchased the note in bad faith, it would not be necessary to have actual notice of fraud practiced upon the plaintiff. We think there was no error in refusing this instruction, for the reason this court gave the substance of this instruction in instructions Nos. 3, 4, 6, 7, and 12 and in the statement of the case to the jury, as it was stipulated that the parties might take the pleadings as the issues in the case without the court making a statement in the instructions as to the issues.

This court in a long line of cases has held:

"It is not error to refuse to give a requested instruction that correctly states the law, if substantially the same instruction is embodied in the charge of the court to the jury, and the charge as a whole correctly states the law applicable to the facts in the case."

See Carden v. Humble, 76 Okla. 165, 184 Pac. 104.

It is next contended that the court failed to give any instruction covering the defendant's theory of the case. This assignment is not well taken, for the reason it was stipulated and agreed that the court might send with the jury the pleadings making up the issues in the case instead of making a statement of the issues in the instructions. This permitted the defendant's answer to go to the jury, which contains defendant's theory of the case.

It is next contended that the court erred in refusing to give defendants' requested instruction No. 3. We think there was no error in refusing to give this instruction. This requested instruction advised the jury they should take into consideration the fact that Wilford was a stranger to the officers of the bank, take into consideration the knowledge and information that the officers of the bank or cashier had in reference to the stock of the Dixie Engineering Company and light plant, also the fact that the note was fraudulently procured, and determine whether or not the cashier in said bank purchased said note in good faith.

This court, in the case of Bilby v. Owen, 74 Oklahoma, 181 Pac. 724, stated as follows:

"The court, in its instructions to the jury, should not call attention to particular facts in evidence in such a manner as to amount to an intimation of the court's opinion as to the weight of the evidence."

The instruction requested attempted to do the identical thing this court announced in the above case should not be done.

It is next contended that the court erred in giving instruction No. 5. Instruction No. 5 was a statement of the law as announced by this court in the case of Cedar Rapids National bank v. Bashara, 39 Okla. 482, 135 Pac. 1051, and being the third paragraph of the syllabus in that case.

It is next contended that the court erred in refusing to give requested instruction No. 6. The requested instruction was, in substance, that if the plaintiff bank had notice that Wilford agreed that said note would

not be negotiated, but would be returned if the stock in the company was not sold as alleged in defendant's answer, and if the bank had notice of this agreement or notice of facts and circumstances before the purchase of the note, this would amount to bad faith, and the plaintiff could not recover. The substance of this instruction was covered by the general instructions of the court. The case was tried upon the theory that the contract which had the provision regarding the return of the note was a part of the fraud. These questions were all covered by the instructions given by the court. An examination of the instructions given by the court disclosed that they were more favorable to the defendant than to the bank. The burden of proof was placed upon the bank to prove that it was an innocent purchaser for value, which was a correct statement of the law, but the instructions regarding innocent purchaser were very favorable to the defendant, and in fact more favorable to him than he was justly entitled to. An examination of the instructions discloses that there was no prejudicial error in the record, so far as the plaintiff in error was concerned, either in giving the instructions or in refusing the requested instructions.

For the reasons stated, the judgment is affirmed.

KANE, JOHNSON, ELTING, and NICHOLSON, JJ., concur.