## STONE v. WEALAND.

No. 11200—Opinion Filed May 15, 1923.

**1. Landlord and Tenant—Proof of Relation —Action for Rent.**

In an action to recover a sum of money alleged to be due as rent on real property, where the defendant files answer setting up payment and introduces evidence tending to show that he had vacated and did not use the property during a portion of the time for which rent was claimed, held, that the record shows the existence of the relation of landlord and tenant.

**2. Same—Disputing Title of Landlord.**

When from an examination of the record it appears that the relation of landlord and tenant exists, it is not error for the trial court to refuse to dismiss plaintiff's action and to refuse to permit the defendant to amend his answer and introduce evidence to show ownership of the real property in some person other than the plaintiff for the purpose of defeating liability.

**3. Same—Judgment—Evidence.**

The record examined, and held, that the verdict of the jury is reasonably sustained by the evidence.

**4. Appeal and Error—Necessity for Presenting Questions Below—Action for Rent.**

When from an examination of the record it appears that the relationship of landlord and tenant exists between the plaintiff and defendant, the defendant will not be permitted for the first time in the Supreme Court to insist that the relationship was procured by the false and fraudulent conduct of the plaintiff so as to relieve him from the effect of an estoppel.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Delaware County; J. Grover Scales, Judge.

Action by C. J. Wealand, administrator of the estate of B. J. Wealand, deceased, against Ben S. Stone to recover money judgment. Judgment for plaintiff, and the defendant brings error. Affirmed.

W. W. Miller, for plaintiff in error.

J. W. Miller, for defendant in error.

Opinion by FOSTER, C. This was an action commenced by the defendant in error, C. J. Wealand, administrator of the estate of B. J. Wealand, deceased, plaintiff below, before a justice of the peace in Delaware county, Okla., against plaintiff in error, Ben Stone, defendant below, to recover a sum of money alleged to be due as rent for lot 6, in block 1, and lots 11 and 12 in block 2, all in the Taylor Harry addition to the town of Eucha, Okla. For convenience we will designate the parties as they appeared in the court below. In answer to the bill of particulars of the plaintiff, the defendant set up payment of the amount claimed as rent up to September 1, 1916, and alleged that thereafter he did not occupy the premises in any manner. Trial before the justice of the peace resulted in a judgment for the plaintiff in the sum of $25.00, costs and interest. From this judgment the defendant appealed to the county court of Delaware county. On the 11th day of July, 1919, the cause was tried to a jury in the county court of Delaware county, and the jury returned a verdict in favor of the plaintiff for the sum of $39.75, with interest thereon at the rate of six per cent. per annum for a period of two years and three months.

Before the commencement of the trial, the defendant filed a motion to dismiss the action of the plaintiff on the ground that John Fenix was the owner of the property during all of the time it was claimed rent accrued, which motion was by the court overruled and exceptions saved. During the progress of the trial, and just before the conclusion of the evidence, the defendant, in open court, requested that he be granted leave to amend his answer so that he might introduce evidence to show ownership of the real estate by one John Fenix. The trial court refused to permit the amendment and refused to allow the introduction of evidence to show ownership of the property by said Fenix, to which action of the court defendant accepted.

At the conclusion of plaintiff's testimony, the defendant interposed a demurrer to the evidence and moved for a directed verdict, which motion the trial court overruled, to which the defendant excepted.

The defendant appeals to this court and assigns error as follows:

"1. That the judgment of the court is not warranted by the evidence.

"2. That the court erred in overruling the motion of defendant to dismiss the case for the reason John Fenix, who was a real party in interest, was not made a party to the action.

"3. That the judgment of the court is contrary to the law and evidence.

"4. That the court erred in not permitting defendant to amend his answer setting up the fact that the property on which rent was claimed was not the property of the plaintiff and that he had no legal right to rent the same.

"5. The court erred in rejecting competent and legal evidence offered by the defendant.

"6. That the court erred in permitting the plaintiff to introduce incompetent evidence in the trial of the case.

"7. This cause should be reversed by the appellate court with directions that the same should be dismissed for the reason there is no cause of action stated against the defendant."

Among the several assignments of error we deem it necessary to consider only the following:

First: Did the court err in refusing to dismiss the action of the plaintiff and in refusing to permit the defendant to amend his answer so as to allege ownership of the real property in one John Fenix? Second: Is the judgment of the trial court clearly against the weight of the evidence?

In the case at bar, when the defendant files answer setting up payment and introduces evidence tending to show that he had vacated and did not use the property during a portion of the time for which rent was claimed, we are of the opinion that the record shows the existence of relation of landlord and tenant between plaintiff and the defendant. When from an examination of the record, it appears that the relation of landlord and tenant exists between plaintiff and defendant, it is not error for the trial court to refuse to dismiss plaintiff's action and to refuse to permit the defendant to amend his answer and introduce evidence to show ownership of the real property, on which it is claimed rent accrued, in some person other than the plaintiff.

It is held in the case of Campbell et al. v. Short et al., 65 Okla. 312, 166 Pac. 438, that when a tenant takes possession under a landlord he thereby admits the title under which the landlord then holds, and the landlord's right to execute the contract under which the tenant takes possession; and the tenant is forbidden to thereafter deny such right or title as long as he retains possession of the premises and enjoys the benefits of the contract. Hager v. Wikoff, 2 Okla. 580, 39 Pac. 281; Young v. Severy, 5 Okla. 630, 49 Pac. 1024; Miller v. Wood, 57 Okla. 172, 155 Pac. 1178. We are therefore of the opinion that the trial court committed no error in refusing to dismiss plaintiff's action, and in refusing to permit the defendant to amend his answer during the progress of the trial, and to introduce evidence to show ownership of the real property, on which it is alleged rent accrued, in one John Fenix.

Defendant further complains that the judgment of the court is not warranted by the evidence. It is well settled in this jurisdiction that a verdict or judgment on the facts will not be disturbed by the Supreme Court if there is any evidence reasonably tending to support same. T. S. Reed Grocery Co. v. Miller, 36 Okla. 134, 128 Pac. 271; Conwill v. Eldridge, 35 Okla. 537, 130 Pac. 912; Cedar Rapids National Bank v. Bashara, 39 Okla. 482, 135 Pac. 1051; Tate v. Coalgate State Bank, 72 Oklahoma, 180 Pac. 687.

We have examined the record in the instant case and find that there was sufficient evidence introduced on the part of the plaintiff to reasonably support the verdict of the jury, and in these circumstances this court will not disturb such verdict.

Defendant, for the first time, in his brief complains that he ought to have been per-

mitted to amend his answer in the court below, so as to show that the relationship of landlord and tenant was induced by the false and fraudulent conduct of the plaintiff, and thereby relieve him from the effect of the estoppel. It is well settled that error will never be presumed by the Supreme Court. It must always be shown affirmatively by the record, or it will be presumed that no prejudicial error was committed by the trial court. Linson v. Spalding, 23 Okla. 254, 108 Pac. 747.

When from an examination of the record it appears that the relationship of landlord and tenant exists between the plaintiff and defendant, the defendant will not be permitted for the first time in the Supreme Court to insist that the relationship was procured by the false and fraudulent conduct of the plaintiff, so as to relieve him from the effect of an estoppel.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.