## LINKER v. BRONAUGH.

No. 12582—Opinion Filed Jan. 7, 1925.

Rehearing Denied March 10, 1925.

### Landlord and Tenant—Disputing Landlord's Title.

A tenant, while remaining in possession, even after the expiration of his term, is precluded, on the doctrine of estoppel, from either setting up an adverse title to defeat an action of ejectment, or without first surrendering possession, making a contest with his landlord over the title held by him at the time of securing the right of entry.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Coal County, J. H. Linebaugh, Judge.

Action by V. Bronaugh against J. B. Linker for rentals of agricultural lands. Judgment for plaintiff, and defendant brings error. Affirmed.

C. M. Threadgill, for plaintiff in error.

G. T. Ralls and Trice & Davison, for defendant in error.

Opinion by ESTES, C. The lands in controversy were the homestead allotment of Annie Bacon, nee Wiltsey, a Choctaw of the full blood. It is conceded that Bronaugh, defendant in error, owned the leasehold estate therein for the year 1918; that Linker, plaintiff in error, occupied such lands for the year 1918 as tenant of Bronaugh and attorned to him for the rents. In March, 1918, Linker obtained an agricultural lease from Annie Bacon and her husband for such lands for the year 1919. In September, 1918, Bronaugh obtained an agricultural lease from Annie Bacon and her husband for the year 1919. In November, 1918, Annie died, leaving her surviving husband and two minor children born since March 4, 1906. In December, 1918, the surviving husband, having been duly appointed guardian of said minors. executed an agricultural lease for five years from that date on said homestead allotment of said Annie to Bronaugh, which lease was duly approved two days later by the proper county court. Linker farmed the lands for the year 1919, refusing to deliver the possession thereof to Bronaugh for that year. In the fall of 1919 Bronaugh instituted this action in the district court against Linker to recover the value of the customary rents and profits arising from the crops raised by Linker. The court found that the March lease from Annie Bacon to Linker, and also that the September lease from Annie Bacon to Bronaugh, were void. The court found that the December lease—after the death of Annie Bacon—from the guardian of her minor heirs to Bronaugh, approved by the county court, was valid. The court so instructed the jury and directed verdict for Bronaugh for the rents under the evidence. On such verdict, judgment was for Bronaugh for $668, from which Linker appeals.

Under the authority of Brown v. Van Pelt, 64 Okla. 109, 166 Pac. 102, the court was correct in finding that the March lease from Bacon to Linker was void. It is unnecessary to pass upon the validity of the two leases of Bronaugh. Annie Bacon intervened in the trial court, claimed that all of said leases were void, and claimed the right to the possession of the land for 1919. We conclude that Linker owed rents either to Bacon or to Bronaugh, and since the trial court found that the rents from Linker were due to Bronaugh rather than Bacon, and the latter not having appealed, Bacon's rights are res judicata. Linker by his answer admitted that Bronaugh was his landlord in 1918, and that he had not surrendered possession to Bronaugh. Linker remained in the possession of the land in 1919.

"A tenant, while remaining in possession, even after the expiration of his term, is precluded, on the doctrine of estoppel, from either setting up an adverse title to defeat an action of ejectment, or without first surrendering possession, making a contest with his landlord over the title held by him at the time of securing the right of entry." Larney et al. v. Aldridge, 31 Okla. 447, 122 Pac. 151; Miller v. Wood, 57 Okla. 172, 155 Pac. 1178.

The fact—admitted by Linker—that he was Bronaugh's tenant in 1918 and held over in 1919, claiming title from Bacon, deprived Linker of any defense to Bronaugh's action for the rents. The only exception to this would have been the possible claim of Bacon to the rents, which is not involved in this appeal.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 C. J. p. 1239.