F. E. Gloyd and A. M. Gloyd, *partners doing business under the firm name and style of* Gloyd Lumber Company, v. J. M. Stansberry.

(Filed June 7, 1905)

INSTRUCTIONS—Exceptions—Forcible Entry. In an action brought for damages for wilfully, maliciously, and wrongfully taking forcible possession of personal property, to wit: A building standing on leased grounds, and wilfully and maliciously breaking and destroying said building, and injuring and destroying certain articles of personal property contained therein, where the defense rests entirely upon a claim of title to said building by virtue of a bill of sale executed in the firm name by a partner of the plaintiff, and where the proof shows that the title to said property was in

Gloyd *et al.* v. Stansberry.

the plaintiff, and that the partnership had no interest therein, and the partner had no right to convey any interest therein in the firm name or otherwise, and where the proof shows that the building was destroyed and said personal property injured by the defendants without authority, and where the only assignment of error is the instruction of the court instructing the jury as to the rights of the plaintiff as a tenant in common, and from the evidence it is apparent that the theory of tenancy in common is not sustained by the evidence in the case, such assignments of error will not be available.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before J. L. Pancoast, Trial Judge.*

*Cogwill & Dunn,* for plaintiffs in error.

*L. T. Wilson* and *Snoddy & Son,* for defendant in error.

### STATEMENT OF FACTS.

This is an action brought by defendant in error in the district court of Woods county to recover damages from plaintiffs in error for the wilful, malicious and wrongful taking possession of a certain building, breaking into and destroying said building, and ousting the plaintiff from possession thereof and injuring certain personal property, such as charts, maps, tools, and articles used in the construction and carpenter business. To this petition the plaintiffs in error filed a general denial. On the trial the proof shows that the defense interposed was that the defendants had the right to the possession of said building by virtue of a bill of sale claimed to have been executed by one I. H. Flash, who was claimed to be a partner of the plaintiff, doing business under the firm name of Stansberry & Flash. The case proceeded to trial before a jury, and resulted in a verdict for the plaintiff for $300.00. Motion for new trial was filed and overruled, and exceptions saved, and case is brought here for review.

Opinion of the court by

IRWIN, J.: The assignments of error are all based upon the claim that the theory upon which the court below tried the case was wrong, and that the instructions set forth in pages 332, 337, and 344 of the case made, were erroneous. These instructions were directions to the jury of what were the rights of a person who had title to the property in question as a tenant in common, or one having a joint interest in personal property. Now we think an examination of the record will show that there is not only an entire want of evidence of the fact that any partnership rights attached to the building or property in question, but the testimony clearly shows that this building was the property of the defendant in error, J. M. Stansberry. The proof shows that the building was erected by Stansberry, and that the tools, machinery and architectural instruments, plans, and specifications were placed therein by him. The only witness who testifies directly on this point of ownership is Mr. Stansberry, himself, and he testified unequivocally that Flash never had any interest in the building. He admits that prior to October, 1900, he was in partnership with Mr. Flash in the carpenter business, but he states that Flash at no time had any interest whatever in this building, or the articles of personal property for which he claims damages in this suit. Mr. Stansberry testified that the lumber which went into this building was bought by himself, and paid for by his individual check. Mr. Overstreet, at pages 309 and 310 of the record, testified that Stansberry paid for the lumber, and signed his own name to the check.

Now we have searched this record carefully, and in vain, to find any legal or competent evidence showing the exist-

ence of any such bill of sale as is claimed in the pleadings. Hence we think the record discloses no defense whatever. Hence we think that the instructions of the court, while they were on a theory of joint ownership which the proof does not bear out, and correct on that theory, yet they were not in any way prejudicial to the rights or interests of the defendants We think that a fair and impartial trial has been had, and the judgment of the district court is affirmed, at the costs of the plaintiffs in error.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.