## BILBY *et al.* v. STUART *et al.*

No. 2781.  Opinion Filed October 14, 1913.

(135 Pac. 931.)

1.  **FORCIBLE ENTRY AND DETAINER—Nature of Action—Title and Boundaries.** The action of forcible entry and detainer is purely a possessory action, and the question of title or boundaries cannot properly arise or be tried in such a proceeding.

2.  **JUSTICES OF THE PEACE—Appeal—Jurisdiction—Transfer of Cause—Dismissal.** Where an action of forcible entry and detainer is properly before a county court on appeal from a justice court, it is error for the county court to permit an intervener, over the objection of the parties to the action of forcible entry and detainer, to file a plea which puts in issue the title to real estate.

    And where, in such case, an intervener is permitted to file such plea, and the county court, for lack of jurisdiction to try such issue, transfers the whole case to the district court, it is not error for the district court to dismiss such cause.

3.  **JUDGMENT—Enforcement—Injunction.** A court of chancery in proper cases has power to enjoin the enforcement of a void judgment, but the rule is that in no case will a court of equity afford relief when there is a plain adequate remedy at law. And where the enforcement of an alleged void judgment of a county court is sought to be enjoined by the district court, and it appears that the plaintiff had an adequate and specific remedy under the stat-

ute by motion to vacate such order or by appeal to the Supreme Court, and that he had not availed himself of such remedy at law, and had not been unavoidably deprived of such remedy, it it not error for a court of equity to deny the injunction.

(Syllabus by Harrison, C.)

*Error from District Court, Wagoner County;*
*John H. King, Judge.*

Action by John S. Bilby and another against I. O. Stuart and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

*R. C. Allen,* for plaintiffs in error.

*John H. Mosier, Rush Greenslade,* and *Harry C. Dodson,* for defendants in error.

Opinion by HARRISON, C. This was an action for injunction by John S. Bilby and W. M. Boline against I. O. Stuart and B. V. Leonard for an order restraining defendant Stuart from interfering with plaintiffs' right of possession of a certain tract of land and restraining defendant Leonard, as justice of the peace, from issuing execution for the purpose of dispossessing plaintiffs. The action grew out of a forcible entry and detainer suit brought in the justice court before B. V. Leonard, justice of the peace, by I. O. Stuart against W. M. Boline, for unlawfully detaining possession of the tract of land in question. Judgment was rendered in the justice court in favor of plaintiff, I. O. Stuart. The defendant Bilby appealed from such judgment to the county court. In the county court one F. L. Winkler claimed title to the land in question, and, over the objection of both plaintiff and defendant, was permitted to file an interplea, which put in issue in the county court the title to the real estate. Objection being raised to the jurisdiction of the county court, to try title to real estate, the court certified the cause to the district court, and thereafter the plaintiffs in error herein brought this action to enjoin the defendant in error I. O. Stuart from interfering with the possession of said tract, and to enjoin B. V. Leonard, as justice of the peace, from issu-

ing execution upon the judgment he had rendered in the justice court in favor of I. O. Stuart. The district court denied the prayer for injunction, dismissed the cause which had been certified from the county court, and entered an order affirming the judgment of the justice court in the forcible entry and detainer case, and from such order and judgment, this appeal is taken.

Only two questions are presented in petition in error and argued in plaintiffs in error's brief, viz.: First, was the judgment obtained in the district court of Wagoner county dismissing the appeal from B. V. Leonard, justice of the peace, to the county court of Wagoner county, and affirming the judgment of said justice of the peace, a valid judgment? Second, has a court of chancery jurisdiction to enjoin the enforcement of a void judgment?

As to the first proposition, the county court had no jurisdiction to try title to real estate. Section 197, Williams' Ann. Const. Okla. Hence it was error to permit the intervener to file a plea which put the title of real estate in issue. The issues in the action for forcible entry and detainer were properly before the county court on appeal from the justice court. The parties to this appeal were entitled to a trial of the issues they had presented. The issue between them was whether defendant was unlawfully detaining the land in question, and the county court was in error when it permitted the intervener to raise an issue which ousted it of jurisdiction over the issues before it on appeal. It should have refused to allow the intervener to file such plea. It had no jurisdiction to permit the filing of such plea because it had no jurisdiction to try the issue thereby presented. It exercised jurisdiction to that extent when, over the objections of both parties to the appeal, it allowed the issue to be raised, and it erred in so doing, and, having no jurisdiction over the issue, it was without authority to transfer the cause to the district court. There is no provision of statute for district courts acquiring jurisdiction over an issue of title to real estate in this manner. Hence the cause was properly dismissed by the district court, and as the order of dismissal had the effect of affirming the judgment of the justice court, the time for appeal

from the justice court having expired, the further order affirming the judgment of the justice court was mere surplusage, and did not render the order of dismissal void. *McQuiston v. Walton,* 12 Okla. 130, 69 Pac. 1048; *McDonald v. Stiles,* 7 Okla. 327, 54 Pac. 487; *Jones v. Seawell,* 13 Okla. 711, 76 Pac. 154; *Anderson v. Ferguson,* 12 Okla. 307, 71 Pac. 225; *Hackney v. McKee,* 12 Okla. 401, 75 Pac. 535; *Brown v. Hartshorn,* 12 Okla. 121, 69 Pac. 1049; *Dysart v. Enslow,* 7 Okla. 386, 54 Pac. 550; *Cope v. Braden,* 11 Okla. 291, 67 Pac. 475; *Goodrich v. Williamson,* 10 Okla. 588, 63 Pac. 974.

As to the second question, whether a court of chancery has power to enjoin the enforcement of a void judgment, the answer is, "Yes, in certain cases it has such power," but the rule is well-settled that in no case will a court of equity afford relief when there is a plain, adequate remedy at law. *Fast v. Rogers,* 30 Okla. 289, 119 Pac. 241; 22 Cyc. 76-79. The judgment of the county court being void, plaintiffs in error had a remedy by motion to vacate such order or by appeal to the Supreme Court. Article 21, c. 87, Comp. Laws 1909. The petition for injunction shows on its face that plaintiffs in error had such remedy by law, and had not availed themselves thereof. Neither did it show that plaintiffs in error were unavoidably deprived of such means for relief. Therefore we cannot say that the judgment of the district court refusing the injunction was error.

Hence the judgment of the court below should be affirmed.

By the Court: It is so ordered.