# DENINGER *et ux.* v. GOSSOM.

### No. 4391.   Opinion Filed May 25, 1915.

#### (149 Pac. 220.)

1.  JUDGES—Judge Pro Tempore—Election — Objection—Waiver. Under Section 2014, Comp. Laws 1909, providing for the election, qualification, etc., of a judge protempore, where counsel for defendants fail to object or challenge the votes of attorneys for plaintiff, but sit by and take chances on the outcome, it is too late, after election has been declared in favor of one to whom attorneys for defendant objected, to claim as error the fact that such opposing attorney voted in said election.

2.  JUDGES—Temporary County Judge—Time to Pay Costs or Make Bond. Under section 3, c. 72, p. 147, Session Laws 1910, providing a temporary county judge may be chosen, in case of bias or prejudice of the regular judge, and the party making the affidavit shall be charged a fee of $25 to be taxed as costs, etc., **held,** courts should always use reasonable discretion in giving time to pay costs of this nature, or to make and file a bond, when such delay will better promote justice and the request for time is in good faith, and, where the moving party is without immediate funds, some distance from home and friends, and asks time to give a good and sufficient bond, and, the trial court gives only 30 minutes to pay the fees or file bond, and in default of both arbitrarily dismissed the appeal, such acts are abuse of discretion and error for which this court will reverse the judgment.

(Syllabus by Watts, C.)

*Error from County Court, Dewey County;*

*J. H. Antrobus, Judge pro tempore.*

Action by J. H. Gossom against Jerome J. Deninger and wife. Judgment for plaintiff, and defendants brings error. Reversed and remnaded, with directions.

*I. H. Lookabaugh,* for plaintiffs in error.

*Robt. E. Adams* and *W. P. Hickok,* for defendant in error.

WATTS, C. This case originated before a justice of the peace of Dewey county, wherein J. H. Gossom was plaintiff and Jerome J. Deninger *et ux.* were defendants. The parties will be referred to as first styled.

Plaintiff's bill of particulars alleges that he is the owner and entitled to immediate possession of a certain tract of land consisting of 160 acres, the unlawful and forcible detention thereof, and service of notice to quit. Defendants answer: First, by general denial; second, that by virtue of a suit against their son the property in controversy was attached and after judgment sold to plaintiff to satisfy same, and plaintiff was claiming under the sheriff's deed; that defendants were not parties to said suit, and were and had been occupying the property as a homestead; that in truth and in fact the equitable title was in Jerome J. Deninger, and their son only held the legal title in trust for him; that the title to the property was involved, and prayed the justice of the peace to certify the cause to the district court. Plaintiff filed a motion to strike the equitable defense, which was sustained, and on motion of the defendants change of venue was granted to another justice of the peace, where the case was tried and judgment rendered for plaintiff. Defendants gave the statutory appeal bond,. providing for payment of all costs, and appealed to the county court, where they filed motion alleging, among other reasons, prejudice on the part of the regular county judge towards the defendants. The county judge immediately certified his disqualification. The parties being unable to agree upon a temporary judge, in due course the clerk of the court notified the resident attorneys (eight in number) of the time and place of electing a judge *pro tempore,* at which time and place only five members of the bar appeared, to wit, Robert E. Adams and W. P. Hickok, attorneys for the plaintiff, I. H. Lookabaugh, attorney for the defendants, J. H. Antrobus, and C. K. Carey, at which time

defendants filed a written objection to the election of J. H. Antrobus, as follows:

"Comes now said defendant and objects to the selection of J. H. Antrobus as judge *pro tempore* to try the above entitled action, for the reason that he is biased and prejudiced against the defendant and his attorney and his cause of action in favor of the plaintiff and his attorneys and cause of action, and for the further reasons that he has, until recently, been engaged in the banking business, and defendant, is informed and verily believes that said Antrobus has been advising parties interested in favor of the plaintiff and against defendant, and has already made up his mind as to the merits of said case and expressed an opinion on same."

Action was never taken on this motion which was perhaps filed as notice to members of the bar present, that defendants objected to the election of J. H. Antrobus. A ballot was spread and resulted as follows:

| | |
|---|---|
| W. A. Carlton | 1 |
| J. H. Antrobus | 2 |
| C. K. Carey | 1 |

The clerk declared Antrobus elected. Defendants then filed another objection to J. H. Antrobus, as follows:

"Comes now said defendant, and appearing specially and for the purposes of this motion only, and objects to the election held for a judge *pro tempore* in this case, and to the qualifications of J. H. Antrobus as judge *pro tempore* for the following grounds, to wit: First, that said election was illegal and unauthorized by law; second, that R. E. Adams and W. P. Hickok, counsel for the plaintiff of record in this case, voted in said election contrary to law; third, that no candidate at such election received a majority of all votes cast at said election, and that same is required to legally constitute an election; fourth, that only one ballot was taken or had at said election, and no effort made to see that any candidate or member of the bar should receive a majority of the legal votes cast at said election; fifth, that the only votes cast

at said election which were for said J. H. Antrobus were cast by members of the bar who were disqualified to participate in said election. That said defendant offers and requests that he be allowed to introduce evidence in support of this motion and objection."

In support of the motion defendants called attorneys for plaintiff, who, among other things, stated that they voted for J. H. Antrobus. The record following is, to wit:

"Whereupon no further testimony was produced or offered in support of or against the objection of the defendant to said election. And argument is made by counsel.

"By the Court: I think the statute is plain enough on this subject, and the motion or objection of defendant is overruled by the court.

"Mr. Lookabaugh: To which ruling of the court the defendant excepts.

"Thereupon said cause, by agreement of counsel, is continued until called for trial.

"And now, to wit, upon this 3d day of April, A. D. 1912, the cause wherein J. H. Gossom is plaintiff and Jerome J. Deninger, defendant, comes regularly on according to its assignment upon the trial docket for trial. Both plaintiff and defendant are present in person and by their attorneys. Plaintiff and defendant announce ready for trial.

"By the Court: Does the plaintiff want a jury?

"By Mr. Adams: Plaintiff waives jury.

"By Mr. Lookabaugh: The defendant demands a jury.

"By the Court: Call the jury, Mr. Clerk.

"By Mr. Hickok: If the court please, I have a motion to file.

"By the Court: All right, let's have it.

"Whereupon, Mr. Hickok hands to the clerk said motion, and asks that it be filed, which is so done, and Mr. Hickok read said motion to the court, which is as follows, to wit: 'Comes now the plaintiff, and moves the court to dismiss the appeal of the above-entitled action from the justice of the peace court to this court, for the reason that the defendant has not paid into court the fee of $25 provided by law in case of a change of judge on account of the bias or prejudice of the regular judge.' Whereupon both plaintiff and defendant argue said motion.

"Mr. Lookabaugh: In reply to the motion, if the court should decide or hold that a fee is necessary to be deposited, the defendant since yesterday has been endeavoring to make arrangements, or to see what he could do in the way of securing the fee demanded. He has no money at this time, and is unable to get the money. He is willing to file a good and sufficient bond to secure the payment of this $25 fee if it is necessary or the court decides that he should do so.

"By the Court: I think this $25 should be paid and charged up as costs in the case, but the giving of a bond will be satisfactory. I will allow the defendant 30 minutes to fix the matter up by paying into court, or securing it by bond.

"By Mr. Lookabaugh: In reply to what the court has said with reference to allowing 30 minutes in which to execute a bond, I will say that it is, at this time, impossible, as I understand, for the defendant to comply with the order of the court. It is necessary for him to go to his friends at home, where he is acquainted. He is unacquainted in Taloga, and is here alone and unable to give bond within the time required by the court, and unless the court is satisfied with the bond now on file, and the defendant not knowing any one in Taloga to go to to get to sign the bond, it is impossible for him to give same.

"By the Court: Then the court will have to sustain the motion to dismiss the appeal if you cannot comply with the court's orders in putting up the money or securing the $25. The statutes provide that it should be paid at the time the affidavit is

made disqualifying the regular judge, I think. So the motion is sustained."

Counsel for defendants refer to Comp. Laws of 1909 as applicable to the election of a judge *pro tempore*. Section 2014, provides:

"If the cause be a civil one, and the parties or their attorneys of record do not agree, or if it be a criminal cause, and the prosecuting officer and the defendants or their attorneys of record do not agree upon a special judge, or if either party in a civil cause is not represented in court, the clerk of the court in which the cause is pending shall hold an election for the selection of a special judge or judge *pro tempore* to try such cause. At said election the disinterested members of the bar in good standing of such district or county or subdivision of the state covered by the jurisdiction of such court, who are not of counsel or interested in any way on either side of said cause or related within the fourth degree of consanguinity or affinity to any part to such action, may participate, notice thereof to be posted for forty-eight hours upon the courthouse door stating the place, the time and the style and nature of the cause in which special judge or judge *pro tempore* is to be elected: the election to be held by ballot, the same to be furnished to the members of the bar by the clerk in blank, of uniform size and color the clerk to appoint two disinterested tellers and to note and pass on any challenges to the right of any one to vote or participate in such election, and enter a list of the names of those participating, on the records of said court, and the objections or challenges to any one voting thereat and his ruling thereon. The record of such election and the procedings thereof, including challenges, objections and exceptions, to become a part of the record or judgment roll of said cause; provided, that * * * any attorney, or any other person duly authorized by any party to such action, either directly or indirectly solicits the vote or attempts to control the vote of any one participating in such election, it will vitiate such election, and the clerk shall forthwith proceed in accordance with the provisions of this act to hold another election as though no election had been held, and such misconduct shall be ground for a new trial at the instance of the opposite side if discovered before the rendering of judgment, and a ground for new trial

after judgment, if discovered after judgment; to be set up as provided in the general procedure for new trials after judgment."

Counsel for the plaintiff contend that Session Laws of 1910,

chapter 72, page 147, being complete, should govern in the selection of a judge *pro tempore* in the county court. This act is as follows:

"Section 1. Whenever the county judge of any county in this state is unable to perform the duties of his office because of illness, absence from the county, or other disqualification, a temporary judge may be chosen by the bar of the county and such temporary judge so chosen shall have the same authority, and the same power as the regular judge.

"Sec. 2. The clerk of the county court shall fix the time for the election of a temporary county judge under the provisions of this act, and shall serve a written notice on each member of the bar of the county at least forty-eight hours prior to such election. Such election shall be by ballot and shall be under the general direction of said clerk of the county court.

"Sec. 3. Whenever a temporary judge is chosen to sit as a trial judge in any case or [on] account of bias or prejudice of the regular judge the party making the affidavit under the law shall be charged a fee of $25.00, to be taxed as costs in the case; and in no event shall the county be liable for more than one-half of such costs."

Defendants filed motion for new trial, setting up, among other, as error: First, the court's abuse of discretion in dismissing the appeal; second, failure to sustain objection to the election, qualification, etc., of the judge *pro tempore*. The motion was denied and exception taken, and final judgment entered dismissing the appeal. Defendants assign as error: (1) The overruling of the motion for new trial; (2 rendering judgment for the plaintiff on the motion filed to dismiss for the failure to deposit the sum of $25, or file a good and sufficient bond to

secure the same within 30 minutes; (3) in not overruling the motion to dismiss.

The answering of two propositions will decide whether the judgment of the trial court should be reversed.

1. Did the trial court commit error in refusing to sustain the objection to the election, qualification, etc., of the judge *pro tempore?* We must answer this question in the negative. If section 2014, *supra,* was applicable, as contended by defendants, they did not preserve their rights; the record does not disclose they objected or challenged the votes of the attorneys for plaintiff. Chances cannot be taken on the outcome and claim error upon failure to act at the proper time. *Giles v. Latimer,* 40 Okla. 301, 137 Pac. 113; *Hailey v. Bowman,* 41 Okla. 294, 137 Pac. 722.

2. Did the trial court abuse its discretion in dismissing the appeal? The trial court seems to have taken the position that the provision of section 3, Session Laws 1910, *supra,* was arbitrary; that the $25 fee should have been tendered at the time of making the application for change of judge. Authorities cited, *State v. Superior Court for Stevens County,* 33 Wash. 542, 74 Pac. 688, *Adams v. Corriston,* 7 Minn. 456 (Gil. 365, do not pointedly sustain the contention, as the language, "the party who demands a trial by jury shall advance," etc., while similar, is different from "the party making the affidavit * * * shall be charged a fee * * * to be taxed as costs." The intention of the Legislature is not plain, and we have been able to find but little assistance. As a rule, if costs are not paid, security may be given in lieu thereof. Comp. Laws of 1909, sec. 6107, seems to prefer a bond. It provides that in any civil action filed, if a bond for costs is not filed, a deposit of $15 may be made. Defendants had given appeal bond for costs as provided by Comp. Laws 1909, sec. 6396, which was perhaps

sufficient. Courts should aways use reasonable discretion in giving time to pay costs of this nature or to make and file a bond when such delay will better promote justice and the request for time is in good faith. Burford, J., in *Fowler v. Fowler,* 15 Okla. 259, 82 Pac. 923, said, the provisions of the Code requiring the giving of security before summons issue are neither jurisdictional or mandatory as to time such security may be given; that the court in the exercise of its sound discretion may permit it to be given after motion to quash summons. In the case at bar defendants were without immediate funds, some distance from their home and friends, and asked time to give a good and sufficient bond for costs. We think the court should have given them reasonable time at their cost to have complied with the rule, and under the facts in this case 30 minutes were not sufficient, and we think the court abused its discretion in dismissing the appeal. *Whitsett v. Blumenthal,* 63 Mo. 479.

Defendants argue that the justice of the peace erred in sustaining the motion of plaintiff to strike out the equitable defense, and the only authorities cited in their brief is upon this point. Defendants should have refiled their answer in the county court and had the trial court pass on same; however, the Supreme Court of this state, as well as the Supreme Court of Kansas, from whence our statute came, have often held that the Unlawful Entry and Detainer Act is purely a possessory action, where title will not be litigated, and when an answer is filed setting up an equitable defense and the case is certified to the district court, such court is not vested with jurisdiction. See the following, and references to Kansas cases: *McDonald v. Stiles,* 7 Okla. 327, 54 Pac. 487; *Cox et al. v. Garrett,* 7 Okla. 375; 54 Pac. 546; *Anderson v. Ferguson,* 12 Okla. 307, 71 Pac. 225; *Zahn v. Obert,* 24 Okla. 164, 165, 103 Pac. 702; *Vansellous v. Huene,* 26 Okla. 243, 108 Pac. 1102; *Cahill v. Pine Creek Oil Co. et al.,* 38 Okla. 568, 134 Pac. 64; *Bilby v. Stuart,* 39 Okla. 451, 135 Pac. 931. Under these authorities we think the justice

of the peace pursued the right course in striking that part of the answer setting up an equitable defense. Comp. Laws 1909, sec. 6276, provide:

"In any action commenced before a justice it appears to the satisfaction of the justice that the title or boundaries of land is in dispute in such action, said action shall be stayed before said justice, and said justice shall, within ten days thereafter, certify said case, and transmit all papers and process therein to the clerk of the district court of his county," etc.

This is a distinct and separate statute from the Unlawful Entry and Detainer Act, and has no application thereto: Cases, *supra,* See also, *Armour Packing Co. v. Howe,* 62 Kan. 587, 64 Pac. 42.

If upon new trial defendants have no other than an equitable defense as set up in their answers, their remedy is to the district court. As the trial court committed error in the abuse of its discretion in arbitrarily dismissing the appeal, we recommend that the judgment be reversed and the case be remanded, with instructions to reinstate the case, with permission to defendants to either deposit $25 costs, or be given reasonable time in which to make and file a good and sufficient bond securing said amount.

By the Court: It is so ordered.