## CAMPBELL et al. v. SHORT et al.

No. 7871—Opinion Filed June 19, 1917.

Rehearing Denied July 24, 1917.

(166 Pac. 438.)

**1. Landlord and Tenant — Relation — Assignee of Tenant.**

In the absence of force, fraud, misrepresentation, the relation of landlord and tenant is established between the lessor and the assignee, when one in possession of lands accepts an assignment of a lease of such lands and assumes the obligation of the lessee under such lease; such act being an acknowledgment of the lessor's title and right to possession at the time of accepting the assignment and assuming the lessee's obligation and constituting in legal effect the yielding of possession of the land to the lessor and reentering same under such lessor.

**2. Same—Landlord's Title—Estoppel.**

The rule that a tenant is estopped to deny his landlord's title is applicable to the status with respect to the lessor occupied by an assignee of the lease who has assumed the obligation of the lessee, although at the time of such assignment the assignee was in possession of the premises, holding over, under a lease made to him by another and different lessor, and as to such estoppel it is immaterial whether or not the tenant's lessor had title or valid right to possession to the lands.

**3. Same.**

One who has enjoyed the use and possession of lands for the full term of a lease assigned to him and by him accepted, he not at any time having been evicted from the land, is estopped to deny the title of the lessor in a suit for rents, although, without the consent or connivance of the lessor, such assignee has procured a sublease, paying rents thereunder, from others not claiming under the first lessor, who brought action for possession against such assignee, which action was dismissed on the tenant's entering into a sublease with such persons, there being no evidence to show that the first lessor consented to or connived at such agreement to dismiss or had knowledge thereof at the time same was done.

Error from District Court, Grady County; Will Linn, Judge.

Action by E. F. Short against F. A. Vickery and J. D. Sanders, in which C. B. Campbell was made a party defendant, and on his application J. S. Mullen and others were made parties. Judgment for plaintiff, and defendants Campbell, J. S. Mullen and others appealed. Affirmed.

Bond, Melton & Melton, for plaintiffs in error.

Riddle & Hammerly and Adolphus Clark, for defendants in error.

Opinion by STEWART, C. E. F. Short, as plaintiff, filed suit in the district court of Grady county against F. A. Vickery and J. D. Sanders for recovery of rents alleged to be due to the plaintiff under the terms of a lease of lands made by the plaintiff to defendants. Vickery and Sanders answered, admitting making the lease contract with the plaintiff and alleging assignment of such lease to C. B. Campbell, and that Campbell assumed payment of rents under the lease, and asking that Campbell be made party defendant. Campbell, being made a party, answered, admitting the transfer to him of the lease made by Short to Vickery and Sanders, but denying liability, and further alleging that the land was the allotment of David Dyer, a full-blood Choctaw Indian, who had leased the same to Short for a period of five years, but that such lease to Short was in violation of law and void, and that Short had not paid the lease money to Dyer; that after making the lease to Short, Dyer executed another lease to J. S. Mullen and others, who instituted suit against him for the land; that he settled said suit by taking a lease from Mullen and others, they agreeing to protect him in his possession and to defend any suit for rentals on the land; that he had paid the rent to such persons; that he was in possession at the time Short took the lease, and had been in possession for a number of years; that he did not go into possession under the Short lease, and never agreed to pay rents to Short or recognize him as his landlord. Campbell asked that J. S. Mullen and associates, to wit, D. N. Morgan, R. D. Earl, K. P. Joice, J. Hinkle, and E. R. Poole, be made parties defendant, and, in case Short recovered against Campbell, that Campbell recover from said persons. J. S. Mullen and associates, being made parties, answered, denying that they agreed to appear and defend any suit brought against Campbell, but admitting liability to Campbell for any rents paid by him to them in case of judgment in favor of Short for rents.

The cause was tried without a jury, and on request of defendants Campbell and J. S. Mullen and his associates the court made findings of fact and of law which are as folows, to wit:

"I. I find that the land in controversy was allotted to David Dyer, Jr., a member of the Chickasaw Tribe of Indians and of the full blood, and that on the 14th day of November, 1903, the allottee leased the lands allotted to him in controversy in this case to C. B. Campbell for a term of five years beginning on the 1st day of January, 1904, and that at the time of the making of said lease the said David Dyer, Jr., was in possession of said lands and had no other leases upon the same.

"II. I find that C. B. Campbell occupied all the land under the lease above described for the years 1904, 1905, 1906, 1907, and 1908.

"III. I find that the defendant C. B. Campbell was in possession of the land in question in this case on the 21st day of August, 1908, holding under the lease made to him on the 1st day of January, 1904, and offered in evidence in this case.

"IV. I find that in August, 1908, the allottee executed a lease to the plaintiff, E. F. Short, on the entire tract of land, both homestead and surplus, which lease is recorded in Book 40, page 447, of the records of Grady county, Okla.

"V. I find that on the 14th day of October, 1908, that the plaintiff E. F. Short, leased to the defendants F. A. Vickery and J. D. Sanders the land described in this action, for the full period of his said lease.

"VI. I find that on January 12, 1909, Vickery and Sanders assigned to the defendant C. B. Campbell their lease for the same consideration expressed in the lease from the said Short to the said Vickery and Sanders, wherein the said C. B. Campbell was to assume the payment of the rents under their said lease to said E. F. Short.

"VII. I find that January, 1909, the allottee, David Dyer, Jr., leased the lands described in this action to the defendant J. S. Mullen.

"VIII. I further find that on the 1st day of June, 1910, the defendant C. B. Campbell leased said lands from the defendant J. S Mullen.

"IX. I further find that the defendant C. B. Campbell used and occupied the land as the tenant of the plaintiff, E. F. Short, and that the relation of landlord and tenant existed between them.

"X. I further find that the defendant C. B. Campbell used and occupied said lands during the entire term of the plaintiff's lease, and that the plaintiff, E. F. Short, permitted him to so use and occupy said lands during said term as his tenant.

"XI. I further find that the consideration expressed in the lease contract from Short to Vickery and Sanders was $150 for the year 1909 and $300 per year for the years 1910, 1911, 1912, and 1913, and that the defendant C. B. Campbell assumes said contracts by written assignment and agreed to pay said amounts to the plaintiff, Short, and that no part of the same has ever been paid.

"Conclusions of Law.

"I. The court concludes that as a matter of law, the defendant C. B. Campbell having held possession and occupied and used said premises under and by virtue of the lease contract made and entered into between the plaintiff, Short, and the defendants Vickery and Sanders, and agree to pay the rents therein specified to be paid by the said Vickery and Sanders to the plaintiff, that the defendant Campbell is therefore estopped from disputing the plaintiff's title to the right to occupy said premises, and that the defendant C. B. Campbell is liable to the plaintiff for the full amount as specified in said lease contract, with interest thereon at the rate of 6 per cent. per annum."

Judgment was rendered for plaintiff and against Vickery, Sanders, and Campbell jointly and severally for the full amount due under the terms of the lease contract and judgment was rendered in favor of Campbell and against J. S. Mullen and associates for rents paid by Campbell to them. The defendant C. B. Campbell and those against whom he obtained judgment filed motions for a new trial, which were overruled, with exceptions, and they bring error to this court.

Plaintiffs in error submit three propositions as follows:

"First Proposition.

"A lease by a full-blood Choctaw allottee of his entire allotment, homestead, and surplus to a person out of possession for a full term of five years, when the allotment is occupied by a lessee under a valid contract of lease, the term of such lease not having expired, and when the five years lease provides that the term shall begin at such time in the future as the lessor shall deliver possession of the land to the five-year lessee is void, and does not entitle the lessee in the five-year lease to maintain an action against the former lessee in possession for rents.

"Second Proposition.

"A void lease of a Choctaw full-blood allottee to a third person out of possession when the land is in possession of a former lessee, under a valid lease, a lease from the lessee in such void lease to another person out of possession, and an assignment of such lease by such third person to the former lessee in possession does not create the relation of landlord and tenant as between the lessee in the void lease and the former lessee in possession of the land.

"Third Proposition.

"A person in the rightful possession of real property is not estopped to deny the right of title of a lessee under a void lease from the owner in an action against the person in possession to recover rents."

We think that the findings of the court are fully supported by the evidence. Mullen and associates do not complain in this court of the judgment rendered against them in favor of Campbell, and by their pleadings they admit that, if the judgment in favor of Short and against Campbell is justified, Campbell is entitled to judgment against them. Therefore all that is necessary for us to consider is the judgment of the trial court as against Campbell.

If the judment against Campbell is affirmed, the judgment against Mullen and associates would therefore necessarily stand as rendered. In Welchi v. Johnson, 27 Okla. 518, 112 Pac. 989, this court, referring to a tenant of lands, says:

"When he takes possession under the landlord, he thereby admits the title under which the landlord then holds and the landlord's right to execute the contract under which defendant takes possession; and the tenant is forbidden to thereafter deny such title or right as long as he retains possession of the premises and enjoys the benefit of the contract."

The foregoing doctrine is a well-settled principle of our jurisprudence, and is supported by this court in the following cases: Hager v. Wikoff, 2 Okla. 580, 39 Pac. 281; Young v. Severy, 5 Okla. 630, 49 Pac. 1024; Miller v. Wood, 57 Okla. 172, 155 Pac. 1178.

From the findings of the trial court quoted above it appears that Campbell was in possession of the land on January 12, 1909, he having originally taken possession thereof under a lease from David Dyer, the Indian owner of the land; that at such time the lease from Dyer had expired and had not been renewed, Dyer having previously by written instrument leased the land to Short for a period of five years; that Short, after leasing the land from Dyer, had in writing leased it to F. A. Vickery and J. D. Sanders for the full period of the lease from Dyer to him; that on January 12, 1909, Campbell purchased the lease from Vickery and Sanders, accepting an assignment of same, assuming payment of rentals thereunder, and thereafter used and occupied the land under Short, without interruption of his possession, during the full period of the lease; that no part of the rental was ever paid by Campbell to Short.

Under the law stated supra, if Campbell became the tenant of Short, he would be estopped to dispute the title and right of possession of Short, and this would be true even if the lease from Dyer to Short were void. The question of the alienation or incumbering of restricted Indian lands does

not enter into the case in so far as the rights between Short and Campbell are concerned. We may add, however, that an entry of lands under a void or defective lease for a term of years creates a tenancy at will, and if periodical rents be paid, the tenancy becomes one from year to year. This proposition is settled in this court by authority of the following cases: Peters v. Holder, 40 Okla. 93, 136 Pac. 400; Tate v. Gaines, 25 Okla. 141, 105 Pac. 193, 26 L. R. A. (N. S.) 106. See, also, authorities cited in 24 Cyc. 1031. The evidence shows that Short paid Dyer in full for the rent of the land; hence no question as to Campbell's liability to Dyer for use of the land can arise. The question to be determined and which is decisive of this case is whether or not, in legal effect, Campbell became the tenant of Short. If such he became, then, in view of the fact that he has enjoyed the use of the land for the full term, without eviction and without his possession being disturbed, he cannot escape liability to Short under the lease.

The defendant Campbell in his allegations concerning the lease made by Dyer to Mullen and associates subsequent to the lease from Dyer to Short and from Short to Vickery and Sanders does not state or show by the pleadings filed that there was any validity to the lease made to Mullen and associates, or that they had any right to maintain an action for possession of the land. Nor do we think, even if such lease gave Mullen and his associates the right of possession, the estoppel of Campbell, if a tenant of Short, would be affected thereby under the facts in this case. Campbell was not evicted or dispossessed, and no judgment of eviction or dispossession was rendered against him. The suit of Mullen and associates was dismissed on Campbell's entering into a lease contract with them in which they agreed to protect Campbell against damages that might arise in the event of his being compelled to pay rent to any other claimant of the land. The evidence does not show that Short consented to, connived at, or had any knowledge of the dismissal and agreement at the time same was made. The arrangement, so far as the evidence shows, was entirely between Campbell, on the one hand, and Mullen and associates, on the other. Short was not consulted, and testifies, the testimony being uncontradicted, that the Mullen suit did not describe the land involved in the instant case. Campbell did not offer the files in the case or other competent evidence showing what was involved in the suit by Mullen and associates. Campbell

did not testify in the case. Mullen was offered as a witness merely to identify a written instrument purporting to be a lease from him to Campbell, as well as a written contract settling pending suits concerning the collection of rents on numerous tracts of land described therein. The plaintiff made proper objection to the introduction of such written instrument, on which objection the court reserved its ruling. The objection should have been sustained in so far as the issues between the plaintiff and Campbell are concerned. We are convinced that none of these transactions are material to the issues between the plaintiff, Short, and the defendant Campbell.

It is urged with much vigor by the plaintiffs in error that the lease from Dyer t Short is void, and that the defendant Campbell, being in possession at the time of accepting the assignment of the lease made to Vickery and Sanders, is not estopped to deny the title of Short as his lessor.

It does not appear from the evidence that the defendant Campbell was induced to purchase the lease and assume obligation thereunder by force, fraud, or misrepresentation, or that there was mutual mistake of fact. To subscribe to the proposition of plaintiffs in error, under the facts in this case, would be directly in opposition to the well-nigh universal holdings of the courts of last resort in this country. When Campbell accepted the lease made by Short to Vickery and Sanders, in legal effect he yielded possession, and immediately re-entered the land as the tenant of Short. His re-entry was that of Short, under whom he, after accepting the lease, must have claimed the right of possession and tenure of the land. The acceptance of the lease and the assuming of obligation thereunder was an acknowledgment of the right and title of Short. It would have been futile to have required Campbell to remove from the land so that Short or Vickery and Sanders, under Short, for a brief spell, could take possession thereof when Campbell was willing to recognize, and did, by his acts, recognize, such right of possession. The law does not require the indulging in absurdities, but accords to individuals the right to waive by contract the doing of unnecessary acts.

There is only one case that we have been able to find which seems to hold to the contrary, being the case of Tewksbury v. Magraff, 33 Cal. 237, cited by plaintiffs in error. Justice Sawyer renders a very able dissenting opinion in which numerous authorities are collated supporting the views we have expressed. The only authority cited

in support of the majority opinion is Cornish v. Seawell, 8 B. & C. 471. Justice Sawyer distinguishes Cornish v. Seawell, saying:

"And in Cornish v. Seawell, 8 B. & C. 471, the only authority cited to the point in the opinion of my associates was a case of mistake, and in that very case the exception is properly stated and limited."

The general rule is found in 24 Cyc. p. 938, and is as follows:

"The fact that the tenant was in possession of the premises at the time of the creation of the tenancy does not affect the estoppel of the tenant to deny the title of his landlord. To entitle such lessee to deny his landlord's title there must be proof of fraud, unfairness, mistake, or misapprehension of fact; and the mere fact that the tenant has a better title than his landlord does not of itself raise the presumption that the lease was a fraud or accepted by mistake."

The citations supporting the text are of wide range among the various states and are from courts of the highest standing, including the Supreme Court of the United States. Among those we have examined we cite the following: Blankenship v. Blackwell, 124 Ala. 355, 27 South. 551, 82 Am. St. Rep. 175; Willis v. Harrell, 118 Ga. 906, 45 S. E. 794; Patterson v. Hansel, 4 Bush (67 Ky.) 654; Sage v. Halverson, 72 Minn. 294, 75 N. W. 229; Loring v. Harmon, 84 Mo. 123; Jones v. Reilly, 174 N. Y. 97, 66 N. E. 649; Jordan v. Katz, 89 Va. 628, 16 S. E. 866; Lucas v. Brooks, 18 Wall. 436, 21 L. Ed. 779.

We have examined carefully all the authorities cited by plaintiffs in error, and have considered each proposition urged. We are of the opinion that there was no prejudicial error committed by the trial court.

The judgment is affirmed.

By the Court: It is so ordered.