## MULHAUSER et ux. v. CONLEY.

No. 32955.  Nov. 18, 1947.

*186 P. 2d 830.*

Gilliland, Ogden, Withington, Shirk & Vaught, of Oklahoma City, for plaintiffs in error.

George W. Gay, of Oklahoma City, for defendant in error.

GIBSON, J. This is an unlawful detainer action instituted by defendant in error, as plaintiff, against plaintiffs in error, as defendants. Herein the parties will be referred to as they appeared below.

One Kaiser, owner of a building covering two lots in Capitol Hill addition to Oklahoma City, leased two ground floor rooms to the firm of Bates and Covey for a term beginning April 1, 1943, and ending April 1, 1946. In August, 1945, the lessees sublet one of the rooms to the defendants, H. E. Mulhauser and wife, who continued in possession after expiration of the Bates and Covey lease.

On February 25, 1946, Kaiser leased the entire building to plaintiff, Conley, for a term beginning April 1, 1946, and ending December 31, 1950. There was

no agreement between plaintiff and defendants concerning occupation of the premises by the latter but there was mailed to and accepted by plaintiff rental for the month of April 1946. Thirty days' notice to terminate the tenancy on May 1st and notice to quit on or before May 5th were both served. The action was first heard before a justice of the peace, where, on verdict of a jury, plaintiff was awarded judgment. On appeal therefrom the cause was retried to a jury in court of common pleas where plaintiff was awarded judgment, and defendant appeals.

In the trial court defendant Mulhauser testified that on entering the premises in 1945 they made extensive improvements involving an outlay they would not have incurred except upon an assurance they probably could occupy the premises beyond the term of the existing lease to Bates and Covey; that they were informed by Covey they could continue to occupy the premises if the existing lease were renewed or extended, and that they, Bates and Covey, had been assured by Kaiser that the existing lease would be renewed unless the latter sold the premises; that relying thereon they entered and made said improvements. It was contended that since the sale of the premises was not had Kaiser was estopped to deny their right to continued occupancy and that plaintiff was charged with notice by reason of defendants' possession. Kaiser testified there was no such agreement between him and Bates and Covey. We express no opinion on the quality of the plea of estoppel. But defendants were accorded full benefit thereof by submitting the issue of fact to the jury under instructions to find for defendants if they found that Kaiser made the agreement with Bates and Covey as contended. The finding for plaintiff on such issue establishes beyond question the termination of all rights under the Bates and Covey lease, under which alone defendants could claim, the validity of the Conley lease and that defendants became tenants at sufferance if

without consent of the landlord and tenants at will if with his consent. Berry v. Opel, 194 Okla. 670, 154 P. 2d 575.

The first proposition urged for reversal is:

"The plaintiff, not having been in possession of the property leased, was not entitled to maintain this action."

For support reliance is placed upon Link v. Schlegel, 33 Okla. 458, 126 P. 576, and later cases reaffirming the rule therein announced. The rule there reflected in the syllabus is:

"Under the statutes of this state, in the absence of the relation of landlord and tenant, a person who has never been in possession of the premises in controversy cannot maintain an action of forcible entry and detainer against one in possession under color of title."

In the pronouncement it is expressly recognized that the rule has no application where the relation of landlord and tenant obtains, which is the situation in the instant case. Immediately upon expiration of the Bates and Covey lease, Kaiser's right to possession of the premises passed to Conley whose lease then became effective, and by implication of law defendants became tenants of Conley. Sevy v. Stewart et al., 31 Okla. 589, 122 P. 544; Montgomery v. Hill, 80 Okla. 230, 195 P. 897. Furthermore, independently of such implication, defendants are estopped to deny they hold as tenants of Conley by reason of their attornment to Conley reflected by payment of rental. The fact that they were in possession does not alter the rule. Campbell v. Short, 65 Okla. 312, 166 P. 438, 441; 35 C. J. 1229, §570.

The second proposition urged is:

"The plaintiff accepted rents from the defendants and thereby renewed the lease for one year."

Reliance is placed on 41 O. S. 1941 §35, and Wolverton v. Ward, 74 Okla. 40, 176 P. 924, and other early cases construing that statute. The statutory provision is as follows:

"If a lessee of real property remains in possession thereof, after the expiration of the lease and the lessor accepts rent from him, the parties are presumed to have renewed the lease on the same terms and for the same time, not exceeding one year."

In Stephenson et al. v. O'Keefe, 195 Okla. 28, 154 P. 2d 757, we had occasion to construe that statute and 41 O.S. 1941 §2, which, in conflict therewith, provides as follows:

"When premises are let for one or more years and the tenant, with the assent of the landlord, continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant at will; provided, that no lease or rental contract of premises shall be continued, unless the original contract was in writing, and all other lease or contracts shall expire by limitation with the calendar year, without notice."

We there held the latter statute to prevail. From this it follows that the proposition is without merit.

The third proposition urged is that the court erred in giving instruction No. 8, which is as follows:

"You are instructed that if you find from the evidence that the defendant Mulhauser paid rent to the plaintiff Conley that he recognized Conley as his landlord and is now estopped to question the title or right to possession of the said plaintiff Conley."

It is urged the instruction is not objectionable to the extent the payment of rent became a recognition of **title** in Conley, but by declaring same was a recognition of **right to possession** in Conley it became decisive of the issue since there was no dispute as to the payment of the rental. Conley's title under the circumstances of the case was a right to the possession which he enjoyed by virtue of his lease from the owner in fee. We deem it evident that the words "right to possession" were used by the court as an equivalent of the word "title" which preceded, and so considered it ought not to have been misleading. But any theory that the jury could have been so misled is negatived by the court's instruction No. 9 wherein the jury were told that if they found that the rental was paid, the effect thereof was to renew the lease for one year and they should find the issues for the defendants.

It is on the strength of the mandatory character of instruction No. 9 that it is urged under the fourth and last proposition that the jury disregarded the instructions of the court in not finding for defendants. In view of the applicable law as hereinbefore set out, it is manifest the instruction is more favorable to defendants than the law warranted and a verdict for defendants on strength thereof would have been contrary to law.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, ARNOLD, and LUTTRELL, JJ., concur. WELCH, J., concurs in result.