**L. E. RICHARDSON, Plaintiff in Error,**

v.

**Bessie LEWIS, Defendant in Error.**

No. 37130.

Supreme Court of Oklahoma.

July 17, 1956.

Rehearing Denied Sept. 11, 1956.

J. Harold Land, Wm. H. Lewis, Oklahoma City, for defendant in error.

WILLIAMS, Vice Chief Justice.

This is an action in forcible detainer instituted in justice of the peace court by Bessie Lewis, hereinafter referred to as plaintiff, against L. E. Richardson, hereinafter referred to as defendant, to recover possession of certain property located in Oklahoma City, Oklahoma. The justice court rendered judgment for the plaintiff. The case was appealed to district court, where, on a trial de novo and without a jury, judgment was again rendered for the plaintiff, and defendant appeals.

The property involved in this action was owned by one J. E. Edwards, who died on November 19, 1951. Plaintiff purchased the property on March 17, and 18, 1953, from the heirs of J. E. Edwards. The estate of J. E. Edwards was probated in Oklahoma City, Oklahoma, and on April 17, 1953, a final decree was entered distributing the property here involved to plaintiff as the grantee of the heirs of J. E. Edwards, deceased. At the time of the death of J. E. Edwards, defendant was in possession of such property and operating a gasoline service station thereon under a written lease contract executed by J. E. Edwards. Such lease was recorded and by its terms expired on January 1, 1955. After plaintiff purchased the property, defendant was notified of such purchase and thereafter paid the monthly rent called for by said lease to plaintiff. After the expiration of said lease defendant refused to surrender possession of the premises and plaintiff then brought this action in unlawful detainer, having first given the necessary statutory notice.

Defendant answered admitting that he made lawful entry of the premises involved but denying that he unlawfully and forcibly detained possession of the same and alleging that on November 1, 1951, J. E. Edwards, the then owner of the property, had executed and delivered to defendant a contract in writing leasing the property involved to defendant for a peri-

Ted Foster, Bruce & Rowan, Oklahoma City, for plaintiff in error.

od of twenty years, beginning January 1, 1955, at the expiration of the then existing lease, and that defendant now held possession of said property by virtue of said contract. Defendant further alleged that in consideration of such long term lease defendant had agreed to pay and had paid a large portion of the cost of the improvements now upon the property in the sum of over $2,500 and that by reason thereof he had a vested interest in said property and a lien thereon and that the issues in the case involved the title to and equity in real property and that such issues were not within the jurisdiction of the justice court. Defendant prayed that the cause be either dismissed or certified to the district court for want of jurisdiction.

Defendant's contention of lack of jurisdiction because title to real property was involved was overruled in both justice court and district court and judgment rendered against him on the merits.

The only contention made by defendant in this appeal is that the justice court had no jurisdiction because title to real property was involved and should have either dismissed the action or certified the same to district court under the provisions of 39 O.S.1951 § 87, and that the district court on appeal had no greater jurisdiction than did the justice court to try title to realty and erred in assuming jurisdiction and refusing to dismiss the case.

We find no merit in such contention.

 It is well settled that actions in forcible entry and detainer or forcible detainer are not such actions as may be certified to the district court under the provisions of 39 O.S.1951 § 87. Lyons v. Lyons, 185 Okl. 70, 90 P.2d 391; Scissem v. Bradley, 167 Okl. 161, 29 P.2d 69; Deninger v. Gossom, 46 Okl. 596, 149 P. 220; McDonald v. Stiles, 7 Okl. 327, 54 P. 487. An action in forcible entry and detainer, or unlawful detainer, is purely a possessory action, and the question of title or boundaries cannot properly arise or be tried in such a proceeding. Lyons v. Lyons, supra; Scissem v. Bradley, supra; Bilby v. Stuart,

39 Okl. 451, 135 P. 931. The sole question involved and the only issue that can be determined is the right of possession. Coddington v. Andrews, 179 Okl. 63, 64 P.2d 666.

In the opinion in McDonald v. Stiles, supra [7 Okl. 327, 54 P. 488], the court said that "Inasmuch as the question of title cannot be raised or tried in an action of forcible entry or unlawful detainer, the filing of an answer setting up title does not divest the justice of jurisdiction," and that "In any case of forcible entry or unlawful detainer, where the defendant sets up title in himself, and attempts to raise such an issue before a justice of the peace, the justice should ignore or strike out such answer, and proceed with the trial of the cause as if no such answer had been filed."

In Deninger v. Gossom, supra, we held that the justice of the peace pursued the right course in striking that part of the answer in an unlawful detainer action setting up an equitable defense.

In Lyons v. Lyons, supra, we held that in an action by a landlord against a tenant unlawfully withholding possession after expiration of the term, title questions may not be injected into the action so as to oust the justice court and the district court on appeal of jurisdiction, and that the action cannot be converted into one to try title to real estate by the allegations of ownership in the answer.

 Plaintiff instituted this action as one by a landlord against a tenant unlawfully withholding possession after expiration of the term provided in the written, recorded lease under which defendant held possession. Plaintiff's evidence was sufficient to sustain a judgment in her favor on such cause of action. Neither defendant's answer nor the evidence introduced by him controverted plaintiff's title to the premises involved or placed plaintiff's title in issue in any way. Defendant's answer did dispute plaintiff's right to immediate possession by alleging that defendant lawfully held posession under a new lease contract effective upon the expiration of the

old lease. This defendant had a right to do and was entitled (and allowed) to introduce evidence in support of such contention, but did not thereby convert the action into one to try title to real property. Turnbaugh v. Husselton, 72 Okl. 247, 180 P. 368. Defendant's evidence tended to establish the allegations of his answer, but also showed that the new lease contract under which defendant claimed the right of possession had not been recorded and had become lost, and defendant was unable to produce an executed copy of such contract. Plaintiff's rebuttal evidence tended to negate the execution of any such new lease, and further establish that if such a lease contract had been executed by plaintiff's predecessor in title, it had not been recorded and plaintiff had purchased the property without notice or knowledge of the existence thereof.

We are of the opinion that there was no error committed in refusing to certify the case to district court or in refusing to dismiss the same.

██ Defendant's brief contains a second proposition entitled "color of title" in which he appears to contend that plaintiff has never been in possession of the premises and therefore cannot bring the action in unlawful detainer against him because he, defendant, is in possession under color of title. Such contention is without merit because the rule that a person who has never been in possession of the premises in controversy cannot maintain an action in forcible entry and detainer against one in possession under color of title has no application where the relation of landlord and tenant obtains. Mulhauser v. Conley, 199 Okl. 414, 186 P.2d 830; Link v. Schlegel, 33 Okl. 458, 126 P. 576. Having attorned to plaintiff by the payment of rental, defendant is estopped to deny that he holds as a tenant of plaintiff. Mulhauser v. Conley, supra, and cases therein cited.

Affirmed.

JOHNSON, C. J., and WELCH, CORN, DAVISON, HALLEY and BLACKBIRD, JJ., concur.