**Dorothy S. STOOKEY, Plaintiff in Error,**

**v.**

**Phillip A. ROBERTSON, Defendant in Error.**

No. 39035.

Supreme Court of Oklahoma.

May 9, 1961.

Lawrence E. Sizemore, Oklahoma City, for plaintiff in error.

Thad L. Klutts, Oklahoma City, for defendant in error.

JOHNSON, Justice.

This action was commenced in the justice of the peace court by Phillip A. Robertson, hereinafter called plaintiff, against Dorothy S. Stookey, hereinafter called defendant. A judgment was rendered for the defendant. An appeal was taken to the Court of Common Pleas of Oklahoma County, and upon a trial to a jury judgment was entered for the plaintiff, and defendant has appealed.

On June 8, 1956, C. B. Warr Investment Company executed a ten-year lease on the premises at 5037 North MacArthur in Oklahoma City. In sequence this lease was assigned to Tastee Freez Corporation; Mel-

vin B. Wright and wife; B. A. Marshall; Phillip A. Robertson, and on October 1, 1958, plaintiff assigned the lease to the Big Five Corporation. On November 30, 1958, Big Five Corporation assigned the lease to the defendant. On the 11th day of June, 1959, the Big Five Corporation assigned the lease to Phillip A Robertson. On September 4, 1959, Phillip A. Robertson filed suit against Dorothy S. Stookey. The defendant paid rentals for the months of January, February, March and April, 1959, to plaintiff in the total sum of $600. Nothing has been paid since the payment of this $600. At the time of the trial, according to the testimony of defendant, there was over $1,600 due in rentals.

Defendant first argues that plaintiff, as an assignee, cannot maintain the action in forcible entry and detainer. Defendant cites Tyler Commercial College v. Stapleton, 33 Okl. 305, 125 P. 443, 42 L.R.A.,N.S., 162; Gross v. Baker, 47 Okl. 361, 148 P. 734; Link v. Schlegel, 33 Okl. 458, 126 P. 576; Ward v. Markham, 73 Okl. 143, 175 P. 113; Brown v. Mayhall, 63 Okl. 268, 164 P. 973; and Northcutt et al. v. Bastable, 39 Okl. 124, 134 P. 423, and argues that only Warr Investment Company can maintain the action.

This contention cannot be sustained for the reason that defendant is estopped to deny the relationship of landlord and tenant existed. The record is silent as to the relationship existing between Big Five Corporation and plaintiff. It must have been based on an interest of the two which created plaintiff the agent of Big Five Corporation. Without complaint from either Big Five Corporation or defendant, defendant had paid four months rentals from the commencement of assignment from Big Five to her. There is no evidence that anyone else received or demanded any rental from her. She has tendered no rentals to anyone else. The payment of rents by a tenant is an attornment, and by such payments the relationship of landlord and tenant is acknowledged and the tenant stands in no position to contest such relationship. 41 O.S.1951 § 12; Camp-

bell et al. v. Short et al., 65 Okl. 312, 166 P. 438; Mulhauser et ux. v. Conley, 199 Okl. 414, 186 P.2d 830; Richardson v. Lewis, Okl., 301 P.2d 358. In Mulhauser v. Conley, supra [199 Okl. 414, 186 P.2d 832], this court discussed the rule applied in Link v. Schlegel, supra, and stated:

"* * * The rule there reflected in the syllabus is: 'Under the statutes of this state, in the absence of the relation of landlord and tenant, a person who has never been in possession of the premises in controversy cannot maintain an action of forcible entry and detainer against one in possession under color of title.'

"In the pronouncement it is expressly recognized that the rule has no application where the relation of landlord and tenant obtains, which is the situation in the instant case. Immediately upon expiration of the Bates and Covey lease Kaiser's right to possession of the premises passed to Conley whose lease then became effective and by implication of law defendants became tenants of Conley. Sevy v. Stewart et al., 31 Okl. 589, 122 P. 544; Montgomery v. Hill, 80 Okl. 230, 195 P. 897. Furthermore, independently of such implication, defendants are estopped to deny they hold as tenants of Conley by reason of their attornment to Conley reflected by payment of rental. The fact that they were in possession does not alter the rule. Campbell v. Short, 65 Okl. 312, 166 P. 438, 441; 35 C.J. § 570, page 1229; 51 C.J.S., Landlord and Tenant, § 268."

Defendant also states that a question of title arose and that for this reason the justice of the peace court had no jurisdiction. Cited in support of this proposition are Gross v. Baker, supra, and other cases. These cases are not in point. The relationship of landlord and tenant was acknowledged by the payment of rentals. In Stone v. Merrell et al., 195 Okl. 17, 154 P.2d 952, it is stated that jurisdiction in a justice of the peace court in forcible entry and detainer cannot be divested by the act

of either party by seeking to establish title, such title being merely incidental to the right of possession.

Finally, it is argued the court erred in instructing, in effect, that if the jury found by the assignments the relationship of landlord and tenant existed the jury should find for the plaintiff. Defendant insists this is a matter of law to be determined by the trial court. Since we hold as a matter of law the relationship of landlord and tenant did exist there was no error in this or similar instructions, and, if error, it was harmless.

Judgment affirmed.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.